SHORE SERVICE, INCORPORATED, v. WEST JERSEY AND SEASHORE RAILWAY COMPANY.

Decided May 17, 1927.

Negligence—Motor Bus Collision With Railroad Train—Judgment For Owner of Motor Bus—Evidence Examined and Held, That There was a Question For the Jury, That the Finding For the Plaintiff was Not so Clearly Against Weight of Evidence That the Rule Should be Made Absolute, That There was Evidence of Negligence on Part of Railroad, and That the Verdict was Not Excessive.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Bourgeois & Coulomb.*

*Contra, Clifford A. Baldwin* and *Bleakly, Stockwell & Burling.*

PER CURIAM.

The present suit was brought to recover compensation for the partial destruction of an automobile bus belonging to the plaintiff, resulting from a collision between it and a train of the defendant company at the Lincoln avenue crossing, in the city of Wildwood. The trial resulted in a verdict in favor of the plaintiff for $1,500, and the defendant was allowed a rule to show cause.

The first ground upon which we are asked to make the rule absolute is that the proofs clearly demonstrated that the accident resulted, in part at least, from the negligence of the driver of the plaintiff's bus. Our examination of the testimony sent up with the rule satisfies us not only that this question was one to be left for the determination of the jury, but that its finding in favor of the plaintiff on this point was not so clearly against the weight of the evidence as to justify us in making the rule absolute.

Next, it is argued that the testimony clearly preponderates in favor of the conclusion that the employes of the defendants, who were operating the train, were not guilty of negligence. Our conclusion, after examining the testimony on this point, is that the finding of the jury to the contrary is not so clearly against the weight of the testimony as to justify us in setting this verdict aside.

Lastly, it is argued that the verdict is excessive. We consider this contention without merit. The proofs showed that the expense of repairing the bus was $1,200, and that the plaintiff was deprived of its use during the busy season of the year, and that its loss resulting from such deprivation was at least $300.

The rule to show cause will be discharged.